Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL V**

| | | |
|---|---|---|
| EL PUEBLO DE P.R.<br><br>**Recurrido**<br><br>V.<br><br>MARQUEL RIVERA VEGA<br><br>**Peticionario** | KLCE202500340 | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Crim. Núm. C VI2010G0026<br><br>Sobre:<br>A/106 Grados de Asesinato |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

**I.**

El 3 de abril de 2025[1], el Sr. Marquel Rivera Vega (señor Rivera Vega o peticionario) compareció ante nos, por derecho propio, mediante una *Petición de Certiorari* y solicitó la revisión de una *Orden* que se emitió el 13 de febrero de 2025 y se notificó el 18 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar una solicitud de reconsideración que el peticionario presentó el 3 de febrero de 2025. Además, puntualizó que lo solicitado había sido resuelto el 9 de noviembre de 2020. Ante la denegatoria por parte del TPI de dicha solicitud de reconsideración, el señor Rivera Vega formuló los siguientes señalamientos de error:

---

[1] Precisamos que a pesar de que el ponche oficial de este Tribunal refleja que el recurso de epígrafe se presentó el 3 de abril de 2025, el señor Rivera Vega le entregó a la Institución Correccional de Sabana Hoyos el recurso de epígrafe el 20 de marzo de 2025. Al lado de dicha fecha de entrega, la Institución Correccional de Sabana Hoyos estampó su sello oficial.

Número Identificador

RES2025 _____

**El TPI abusó de su discreción al establecer el agravamiento de las penas en el presente caso contraviniendo con el principio de legalidad.**

**La falta de pasión, al no tomar en consideración la moción presentada bajo la Regla 185 que provee una herramienta para corregir la sentencia ilegal, la cual violentó la igual protección de las leyes.**

**El debido proceso de ley enmarca en su modalidad procesal, el poderse defender de las acusaciones en la cual nunca establecieron en acusación la implementación de la duplicidad de las penas en la vista para esos fines.**

Aclaramos que, para poder realizar una evaluación adecuada del presente recurso, el 30 de abril de 2025, emitimos una *Resolución* ordenándole a la Secretaría de nuestro Tribunal a gestionar con la Secretaría del TPI de Arecibo, el envío de una copia de la determinación emitida por el Juez Nevárez García, el 9 de noviembre de 2020. En cumplimiento con nuestra orden, recibimos copia de dicha determinación y de la moción objeto de revisión de ese dictamen intitulada *Moción bajo el amparo de la Regla 192.1 Procedimiento Criminal del Código Penal y Ley 141-142 de la Ley de Arma del (2013) de PR según Enmendada.* En el dictamen del 9 de noviembre de 2020, el TPI declaró No Ha Lugar la moción que presentó el señor Rivera Vega al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1.

Afirmamos que, el recurrente expuso los mismos argumentos tanto en la solicitud de reconsideración que presentó al amparo de la Regla 185 de Procedimiento Criminal, 34 LPRA AP. II, R. 185, como en la moción que presentó bajo la Regla 192.1 de Procedimiento Civil, *supra.*

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

**II.**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009); *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**II.**

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo.

Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**III.**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones